Rachel E. Kaufman (CA Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL IZOR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**TRUMPIA CLOUD SOLUTIONS LLC,** a California corporation,<br><br>*Subpoena Recipient.* | Case No.<br><br>**MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA AND TO HOLD NON-PARTY IN CONTEMPT** |

Pursuant to Rule 45(d) and (g), Fed. R. Civ. P., Plaintiff Paul Izor requests that this court enter an order compelling Trumpia Cloud Solutions LLC to testify at a deposition and to produce documents in response to a non-party subpoena issued in connection with *Paul Izor v. Abacus Data Systems, Inc.*, Case No. 4:19-cv-

01057-HSG, pending in the United States District Court for the Northern District of California, and to hold Trumpia in contempt for failure to comply with the subpoena. Trumpia has not responded, did not appear for deposition or otherwise acknowledge the subpoena that was served on it on March 2, 2020.

*Izor v. Abacus Data Systems, Inc.* is a putative class action alleging violations of the Telephone Consumer Protection Act based on unsolicited autodialed text messages sent by or on behalf of Abacus. Abacus used Trumpia's services, including its platform to send the text messages.

Trumpia is headquartered and conducts its business within this district.

Pursuant to Fed. R. Civ. P. 45, on February 13, 2020, Plaintiff served a notice of subpoena to Trumpia on Abacus. Plaintiff's counsel thereafter emailed Joo Hyung, a Trumpia employee, to see if the company would accept service, as the company through Hyung had been previously responsive in discovery coordination. When a response was not forthcoming, the subpoena was sent out for service and was served on Trumpia. The subpoena and affidavit of service are attached hereto as composite Exhibit A.

Plaintiff's subpoena seeks to depose a corporate representative of Trumpia on topics relevant to the *Izor v. Abacus* action, including: (1) text messages sent by or on behalf of Abacus; (2) the software used to send and/or receive text messages by or on behalf of Abacus; (3) communications with Abacus concerning text

Motion to Compel Subpoena Response, Case No.
-2-

messages and the Telephone Consumer Protection Act; and (4) records maintained regarding text messages sent by or on behalf of Abacus.

The deposition topics are clearly relevant to the pending class action and the company's deposition appearance or other response to the subpoena is required by law.  In response to a subpoena, recipients may comply, submit an objection, or move to quash or modify the subpoena. Fed. R. Civ. P. 45(d).  "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived." *McCoy v. Southwest Airlines*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (granting motion to compel and ordering non-party subpoena recipient to produce documents within 7 days).  To date, Trumpia has not responded or otherwise acknowledged the deposition subpoena.

Additionally, Trumpia has failed and refused to meet and confer concerning deficiencies in its response to a prior subpoena for documents in this action.  A copy of the subpoena for documents and the email from Trumpia accepting service of the subpoena are attached as Exhibits B and C.  Pursuant to the subpoena, Trumpia produced certain text message logs reflecting text messages sent by Defendant using Trumpia's text messaging platform and other documents relating to the Defendant's use of same, however, based on a review of the documents provided and an inspection of Trumpia's text messaging platform, Trumpia's

production appears to be incomplete.  Copies of Plaintiff's counsel's meet and confer email and subsequent emails following up are attached as Exhibit D.  Specifically, Trumpia appears to have withheld months of text message logs and the text message logs for the months that were provided do not reflect all of the relevant transmission data that is maintained and readily available through Trumpia's platform.  *See id*.  This information is directly relevant to determining the scope of the class of recipients of Defendant's TCPA violative text messages that are the subject of the underlying putative class action pending in the Northern District of California.

Prior to filing this subpoena enforcement action, Plaintiff's counsel reached out a number of times to Trumpia and did not receive a response.  Trumpia is not represented by counsel, to Plaintiff's counsel's knowledge. As Trumpia has been non-responsive Plaintiff's counsel have been unable to meaningfully meet and confer regarding either subpoena.  A copy of the filed version of this motion will be sent by mail to Trumpia.

WHEREFORE, Plaintiff requests that the court grant its motion to compel and order Trumpia to appear for a deposition and produce responsive documents and information in compliance with the third party subpoenas, to the extent any has been previously withheld from production, and provide such other relief as is

Motion to Compel Subpoena Response, Case No.

1 | reasonable and just. A proposed order is attached hereto as Exhibit E for the
2 | Court's convenience.

Dated: April 16, 2020

Respectfully submitted,

By: *s/ Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative class*

Motion to Compel Subpoena Response, Case No.